FILED

SEP 13 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOEL BEININ, Ph.D.,

    Plaintiff,

v.

THE CENTER FOR THE STUDY OF POPULAR CULTURE, a California corporation, and DOES 1-10, inclusive,

    Defendants.

Case No. C 06-02298 JW (RS)

**CONFIDENTIALITY ORDER**

    Plaintiff Professor Joel Beinin and Defendant Center for the Study of Popular Culture (collectively "the Parties") state to the Court as follows:

    WHEREAS, the Parties believe that certain materials, information, and things discoverable at issue in this case may consist of trade secrets, proprietary or private information, and/or other confidential information that the respective Parties maintain in confidence;

    WHEREAS, the Parties reasonably believe that public disclosure of materials, information and things determined to be confidential could cause financial, competitive or other harms to the disclosing Party and/or to third parties;

1   WHEREAS, certain information at issue in this case may implicate third party privacy
2   rights in general and/or the First Amendment right of associational privacy;
3   WHEREAS, the Parties believe that good cause exists for the entry of this Confidentiality
4   Order, which is narrowly tailored to protect the aforementioned confidential material, information
5   and things of the Parties and/or third parties;
6   By reason of the foregoing, the Parties hereby stipulate pursuant to Federal Rule of Civil
7   Procedure 26(c), subject to the approval of the Court, to the entry of an order in the above-
8   captioned action as follows:

## A. Purposes and Limitations

10  If, in the course of this litigation, any Party to this litigation or any third party undertakes or
11  is caused to disclose what it, the disclosing Party, contends is confidential or proprietary
12  information, the procedures set forth herein shall be employed, in which case the disclosure, if any,
13  shall be subject to this Order, and the information provided for purposes of and use in this case
14  only. The Parties acknowledge that this Order does not confer blanket protections on all
15  disclosures or responses to discovery and that the protection it affords extends only to the limited
16  information or items that are entitled under the applicable legal principles to treatment as
17  confidential. The parties further acknowledge that this Confidentiality Order creates no entitlement
18  to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that
19  must be followed and reflects the standards that will be applied when a party seeks permission
20  from the court to file material under seal.

## B. Definitions

22  (1) The term "Confidential Information" shall mean and include any document
23  (whether in hard copy or computer readable form), things, deposition testimony, written discovery
24  responses, or other information provided in discovery in this action ("Discovery Material"), which
25  contain non-public trade secrets, proprietary or private information, and/or confidential
26  information, the disclosure of which could cause financial, competitive, or other harms to the
27  disclosing Party and/or third parties. Any party to this action, or third-party producing Discovery
28  Material in response to a subpoena ("Designating Party"), may designate its Confidential

Information as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Confidential Information shall not include any Discovery Materials that:

    (a)    Have been or become lawfully in the possession of the Party receiving the same ("Receiving Party") through communications other than production or disclosure in this action;

    (b)    Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party.

    (2)    The term "Qualified Recipients" shall mean the persons identified in paragraphs E (1) and (2), below.

### C. Exercise of Restraint and Care In Designating Material for Protection

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under appropriate standards. A Designating Party must take care to designate for protection only those parts of materials, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

### D. Designation of Protected Material

To designate any information as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order:

(1) Documents and things produced or furnished during the course of this litigation shall be designated as containing Confidential Information by placing on each page and each thing a legend substantially as follows: CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

(2) The CONFIDENTIAL – ATTORNEYS' EYES ONLY category shall be used only for extremely sensitive Confidential Information whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

(3) A Party may designate information disclosed at a deposition as either CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by requesting the reporter to so designate the transcript at the time of the deposition or by notifying all Parties in writing within thirty (30) days following receipt of the transcript. If a Party requires additional time within which to designate the transcript it may request and will automatically be given an additional 30-day extension, wherein said request and extension shall be documented in a letter. All depositions shall be treated as containing Confidential Information for a period of thirty (30) days after receipt of the transcript whenever a deposition taken in this action involves a disclosure of Confidential Information.

(4) A producing Party shall designate its interrogatory responses, responses to requests for admission, briefs, memoranda and all other papers or parts thereof sent to the Court or to opposing counsel as either CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY when such papers are served or sent.

(5) In the case of information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY disclosed at a hearing or trial, the Party shall request that the Court, at the time the information is proffered or adduced, receive the information only in the presence of those persons designated to receive such information and court personnel, and designate the transcript appropriately.

(6) If a Party is considering using specific Confidential Information of another Party at a hearing, the Party considering using such information shall, prior to disclosing such

information and in order to give the Party that has designated the information an opportunity to object prior to such disclosure, advise the Court that it intends to disclose information that is subject to the provisions of this Order. With regard to the use at trial of information subject to this Order, the Parties recognize that the matter will be dealt with in the Pretrial Order.

(7) The Parties will use reasonable care to avoid designating any documents or information or portions thereof as Confidential Information which is not entitled to such designation or which is generally available to the public.

E. **Disclosure of Confidential Information**

(1) Information designated as CONFIDENTIAL shall not be disclosed to anyone other than the following persons or categories of persons:

(a) Trial counsel or of counsel for the Parties in this action, and the attorneys, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation, as well as outside copying services, document management services and graphic services.

(b) Prof. Joel Beinin and the officers, employees, or agents of The Center who are reasonably deemed necessary by the Party's counsel to aid in the prosecution, defense, or settlement of this action.

(c) Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

(d) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(e) Any outside expert or consultant employed by the foregoing counsel of record who is retained by a Party for the purposes of this litigation and who obtains authorization to receive Confidential Information pursuant to paragraph D(2) below.

(f) Any material adverse witness during the course of discovery, so long as it is stated on the face of each CONFIDENTIAL document that the witness to whom a Party is seeking to disclose the document was either an author or a recipient of the document. Where it is

not stated on the face of the Confidential document being disclosed that the witness to whom a Party is seeking to disclose the document was either an author or a recipient of the document, the Party seeking disclosure may nonetheless disclose the Confidential document to the witness, *provided that:* (i) the Party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document in the ordinary course of business, (ii) the Party seeking disclosure provides advance notice to the Designating Party that produced the document, and (iii) the Designating Party does not inform the Party seeking disclosure that the person to whom the Party intends to disclose the document did not in fact receive or review the documents before giving notice. However, the disclosure shall be limited to the specific Confidential Information disclosed in the particular document prepared or received by such person.

(g) Any person to whom the Designating Party agrees in writing that the Confidential Information may be disclosed.

(2) Information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be disclosed to anyone other than the persons designated in subparagraphs (a), (c), (d), (e), (f) and (g) of paragraph (E)(1) above.

F. **Disclosure Agreements**

(1) Each of the individuals identified in subparagraphs (b) and (e) of paragraph (E)(1) above shall execute an undertaking in the form attached hereto as Exhibit A prior to receiving any Confidential Information. In addition, Manuel Klausner, of counsel for Defendant Center for the Study of Popular Culture, shall also execute the undertaking prior to receiving any Confidential Information. The Receiving Party shall maintain the original undertaking. For those individuals to whom disclosure is made pursuant to paragraph E(1)(e) above, the undertaking and any other materials required hereunder shall be provided to the Designating Party and the objection procedure outlined in paragraph F(2) followed. No disclosures shall be made to an outside consultant or expert until the obligations in paragraph F(2) have been followed.

(2) Before any Confidential Information is disclosed to an outside expert or consultant, the following information must be provided in writing, by personal delivery or facsimile, to the Designating Party and received no less than 10 business days before the intended

date of disclosure to that expert or consultant: the identity of that expert or consultant, business address and/or affiliation and a current curriculum vitae of the expert or consultant, and, if not contained in the curriculum vitae, a brief description, including education, present and past employment, including consulting arrangements and/or funded research during the preceding four years, and general areas of expertise of the expert. If the Designating Party objects to disclosure of Confidential Information to an expert or consultant, the Designating Party shall within 10 business days of receipt serve written objections by personal delivery or facsimile, identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected. Failure to object within 10 business days shall authorize the disclosure of Confidential Information to the expert or consultant. As to any objections, the Parties shall attempt in good faith to resolve any disputes informally. If the objections cannot be resolved, the Party seeking to disclose the Confidential Information to the expert or consultant may move for an Order of the Court allowing disclosure, in which case the party seeking to disclose the Confidential Information shall demonstrate good cause for the disclosure sought based on the lack of reasonable alternatives to disclosing the Confidential Information to the expert or consultant. The burden of proving that the expert or consultant shall not receive Confidential Information shall be on the objecting party. In the event that objections are made and not resolved informally, disclosure of Confidential Information to the expert or consultant shall not be made except by Order of the Court.

G. **Use of Confidential Information**

(1)   Information that has been designated Confidential Information shall be disclosed by the Receiving Party only to Qualified Recipients as defined in paragraph E above. All Qualified Recipients shall hold such information received from the Designating Party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any purpose, and shall not disclose it to any person, except as hereinafter provided. All information that has been designated as Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified to receive such information under the terms of this Order.

(2) In the case of documents designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY, such documents shall be maintained in the offices of the Parties' trial counsel and of counsel of record only.

(3) In the event that any Receiving Party's briefs, memoranda, written discovery requests or responses, or other papers of any kind which are served or filed shall include another Party's Confidential Information, the papers shall be appropriately designated pursuant to paragraph D above, and shall be treated accordingly.

(4) All documents, including attorney notes and abstracts, which contain another party's Confidential Information, shall be handled as if they were designated pursuant to paragraph D above.

(5) Documents, papers and transcripts filed with the Court which contain any other Party's Confidential Information shall be filed in sealed envelopes or containers which shall be labeled with a statement substantially in the following form:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO CONFIDENTIALITY ORDER**
*BEININ V. THE CENTER FOR THE STUDY OF POPULAR CULTURE*
CIVIL CASE NO. C 06-02298 JW (RS)
U.S.D.C. FOR NORTHERN DISTRICT OF CALIFORNIA

The documents, papers and transcripts placed in the envelope or container shall bear the legend "Filed Under Seal."

(6) To the extent that documents are reviewed by a Receiving Party prior to production, any knowledge learned during the review process will be treated by the Receiving Party as Confidential Information until such time as the documents have been produced, at which time any stamped classification will control. No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification absent written agreement of the parties.

(7) In the event that any question is asked at a deposition with respect to which a Party asserts that the answer requires the disclosure of Confidential Information, prior to answering,

all persons present shall be advised of this Order by the Party making the confidentiality assertion and, at the request of such Party, all persons who are not allowed to obtain such information pursuant to this Order, other than the witness, shall leave the room during the time in which the Confidential Information is disclosed or discussed.

(8) Nothing in this Order shall bar or otherwise restrict outside counsel from rendering advice to his or her client with respect to this action and, in the course thereof, from relying in a general way upon his examination of materials designated Confidential Information, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated Confidential Information except as provided by paragraphs E (1) and (2).

H. **Inadvertent Failure to Designate**

(1) In the event that a Party inadvertently fails to designate any of its information pursuant to paragraph D above, it may later designate by notifying the Receiving Parties in writing. The Receiving Parties shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

(2) It shall be understood, however, that no person or Party shall incur any liability hereunder with respect to disclosure that occurred prior to a designation in accordance with this Order.

I. **Challenge to Designation**

(1) Any Receiving Party may challenge a furnishing Party's designation at any time. A failure of any Party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in-fact confidential or not an appropriate designation for any reason.

(2) Any Receiving Party disagreeing with the designation of any information received from the Designating Party as Confidential Information and desiring to disclose or to permit inspection of the same otherwise than is permitted in this Order, may request the Designating Party in writing to change the designation, stating the reasons in that request. The Designating Party shall then have five (5) business days from the date of receipt of the notification

1   to advise the Receiving Parties whether or not it persists in such designation; and if it persists in the
2   designation, to explain the reason for the particular designation.
3      (3) If its request under subparagraph (2) above is turned down, or if no response
4   is made within five (5) business days after receipt of notification, any Receiving Party may then
5   move the Court for any order removing or changing the designation. The burden of proving that
6   the designation is proper shall be upon the Designating Party.
7      (4) With respect to requests and applications to remove or change a designation,
8   information shall not be considered confidential or proprietary to the Designating Party if:
9       (a) the information in question has become available to the public
10  through no violation of this Order or
11      (b) the information was known to any Receiving Party prior to its
12  receipt from the furnishing Party; or
13      (c) the information was received by any Receiving Party without
14  restrictions on disclosure from a third Party having the right to make such a disclosure.

### J.   Inadvertently Produced Privileged Document

16     Inadvertent (*i.e.*, unintentional) production of documents (including physical
17  objects) subject to work product immunity or the attorney-client privilege shall not constitute a
18  waiver of the immunity or privilege, provided that the Designating Party shall notify the Receiving
19  Party in writing of such inadvertent production. After notification is made, the Receiving Party
20  shall immediately return to the Designating Party all copies of such inadvertently produced
21  documents and shall immediately confirm in writing that all electronic copies have been deleted or
22  destroyed. Nothing herein shall prevent the Receiving Party from challenging the propriety of the
23  attorney-client privilege or work product immunity designation by promptly filing an appropriate
24  motion with the Court, but the Receiving Party shall not challenge the proprietary or immunity
25  designation on the grounds that the privilege or immunity was waived by production of the
26  document. If no such challenge is brought, or if any challenge is unsuccessful, no use shall be
27  made of such documents during deposition or at trial, nor shall they be shown to anyone who was
28  not given access to them prior to the request to return or destroy such documents. Furthermore, if

no such challenge is brought, or if any such challenge is unsuccessful, the Receiving Party shall promptly confirm in writing that any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information have been deleted and/or destroyed.

### K. Inadvertent Disclosure

In the event of an inadvertent disclosure of another Party's Confidential Information to a non-Qualified Recipient, the Party making the inadvertent disclosure shall promptly upon learning of the disclosure: (i) notify the person to whom the disclosure was made that it contains Confidential Information subject to this Order; (ii) make all reasonable efforts to preclude dissemination or use of the Confidential Information by the person to whom disclosure was inadvertently made including, but not limited to, obtaining all copies of such materials from the non-Qualified Recipient; and (iii) notify the furnishing Party in writing of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

### L. Other Discovery Procedures

This Order shall be without prejudice to any Party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

### M. Conclusion of Litigation

(1) Except as provided herein, at the conclusion of this litigation each Party or other person subject to the terms hereof shall be under an obligation to destroy or return to the furnishing Party all materials and documents containing Confidential Information and to certify to the furnishing Party such destruction or return. Such return or destruction shall not relieve said Parties or persons from any of the continuing obligations imposed upon them by this Order.

(2) After this litigation, counsel of record for each Party may retain one archive copy of all litigation documents and discovery material even if they contain or reflect another Party's Confidential Information. Counsel's archive copy shall remain subject to all obligations of this Order.

///

### N. Production by Third Parties Pursuant to Subpoena

Any third Party producing documents or things or giving testimony in this litigation pursuant to a subpoena, notice or request may designate said documents, things, or testimony as Confidential Information. The Parties agree that they will treat Confidential Information produced by third parties according to the terms of this Order.

### O. Compulsory Disclosure to Third Parties

If any Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Confidentiality Order. In addition, the Receiving Party must deliver a copy of this Confidentiality Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Confidentiality Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### P. Termination of Action

After termination of this action, the Court will continue to have jurisdiction to enforce this Order.

/ /

/ / /

Q. **Right to Assert Other Objections and to Further Relief**

(a) By stipulating to entry of this Confidentiality Order, no Party waives any right it would otherwise have to object to disclosing or producing any information or item on any ground not addressed in this Confidentiality order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Confidentiality Order.

(b) This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time.

R. **Reservation of Rights**

Plaintiff hereby expressly reserves his right to move to amend the Confidentiality Order to determine whether information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be disclosed to Manuel Klausner, of counsel for Defendant Center for the Study of Popular Culture, if in the future Plaintiff produces documents or information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

Dated this ___ day of September, 2006.

Mitchell Zimmerman
Patrick E. Premo
Albert L. Sieber
Mary E. Milionis
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 998-8500

Attorneys for Plaintiff
Professor Joel Beinin

1    Dated this 12th day of September, 2006.

*/s/ Roger E. Myers/*

Roger Myers
Rachel Matteo-Boehm
HOLME, ROBERTS & OWEN LLP
560 Mission Street
25th Floor
San Francisco, CA 94105
Attorneys for Defendant
Center for the Study of Popular Culture

8    Dated this 12th day of September, 2006.

*/s/ Manuel S. Klausner / REM*

Manuel S. Klausner
Law Offices of Manuel S. Klausner, P.C.
Of Counsel for Defendant
Center for the Study of Popular Culture

**IT IS SO ORDERED.**

Dated this 13rd day of September, 2006.

*/s/ Richard Seeborg*

~~Honorable James Ware~~ RICHARD SEEBORG
United States ~~District Court Judge~~ MAGISTRATE JUDGE

| | |
|---|---|
| 1 | MITCHELL ZIMMERMAN (CSB NO. 88456) |
|   | mzimmerman@fenwick.com |
| 2 | PATRICK E. PREMO (CSB NO. 184915) |
|   | ppremo@fenwick.com |
| 3 | ALBERT L. SIEBER (CSB NO. 233482) |
|   | asieber@fenwick.com |
| 4 | MARY E. MILIONIS (CSB No. 238827) |
|   | mmilionis@fenwick.com |
| 5 | |
|   | FENWICK & WEST LLP |
| 6 | Silicon Valley Center |
|   | 801 California Street |
| 7 | Mountain View, CA 94041 |
|   | Telephone: (650) 988-8500 |
| 8 | Facsimile:  (650) 938-5200 |

Attorneys for Plaintiff JOEL BEININ, PH.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL BEININ, Ph.D., | Case No. C 06-02298 JW (RS) |
| Plaintiff, | **EXHIBIT A TO THE CONFIDENTIALITY ORDER** |
| v. | |
| THE CENTER FOR THE STUDY OF POPULAR CULTURE, a California corporation, and DOES 1-10, inclusive, | |
| Defendants. | |

I, _____, am employed by _____.

I have read, understand and agree to comply with and be bound by the terms of the Confidentiality Order in this action, and having been duly sworn on oath, state that the information and/or documents which are to be disclosed to me have been designated as Confidential Information and to be used by me solely to assist in the matter of *Beinin v. The Center For The Study of Popular Culture,* Civil Action No. C 06-02298 JW (RS), pending in the United States District Court for the Northern District of California. I further state that the Confidentiality Order entered by this Court, a copy of which has been given to me and which I have read, prohibits me

from either using any Confidential Information for any purpose not appropriate or necessary to my participation in this case or disclosing such documents or information to any person not entitled to receive them under the terms of the Confidentiality Order.

To the extent I have been given access to Confidential Information, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know are authorized under the Confidentiality Order to have access to such information. I will return, on request, all materials containing Confidential Information, copies thereof and notes that I have prepared relating thereto, to counsel for the Party with whom I am associated. I agree to be bound by the Confidentiality Order in every aspect and to be subject to the jurisdiction of the United States District Court for the Northern District of California for purposes of its enforcement and the enforcement of my obligations under this Agreement.

_____
Signed by Recipient

Dated: _____