1

2

3                                                                  **\*E-FILED 10/31/06\***

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                             SAN JOSE DIVISION

9    JOEL BEININ,                                    NO. C 06-2298 JW (RS)

10            Plaintiff,                             **ORDER GRANTING IN PART**
                                                     **AND DENYING IN PART**
11        v.                                         **MOTION TO COMPEL AND**
                                                     **MOTION FOR PROTECTIVE**
12   THE CENTER FOR THE STUDY OF POPULAR             **ORDER**
     CULTURE,
13

14            Defendant.
                                                 /
15

16                                I.  INTRODUCTION

17        Before the Court is defendant's motion for a protective order, plaintiff's corresponding

18   motion to compel, and post-hearing requests from both sides that they be permitted to submit

19   additional materials.  Based on the parties' briefing, the arguments of counsel, and the record herein,

20   each motion will be denied in part and granted in part, and the requests to file additional materials

21   will be denied.

22                                II.  BACKGROUND

23        Plaintiff Joel Beinen is a professor of Middle Eastern studies at Stanford University who has

24   been involved with the Middle East Studies Association ("MESA").  Defendant The Center for the

25   Study of Popular Culture ("the Center") is self-described as a "non-profit organization founded by

26   author and advocate David Horowitz to promote conservative positions on matters of domestic and

27   foreign policy."  The Center publishes political commentary online and in printed books and

28   pamphlets.  In February of 2005, the Center published a pamphlet entitled "Campus Support for

United States District Court

For the Northern District of California

                                            1

United States District Court

For the Northern District of California

1    Terrorism." The pamphlet collected several articles criticizing various academic organizations and

2    individuals for advocating views that the authors assert are not in the interests of the United States.

3    One of the articles in the pamphlet, entitled "Terror's Faculty Sympathizers," expressly criticized

4    MESA and Beinen.

5         The cover of the pamphlet featured photographs of four individuals mentioned in the articles,

6    including one of Beinen.  The center obtained the photo of Beinen from the Stanford University

7    website.  Beinen subsequently obtained an assignment of rights from the photographer who had

8    taken the picture, and then filed this action for copyright infringement.

9

10                                     III.  DISCUSSION

11   Under the Federal Rules of Civil Procedure, Rule 26(b)(1),

12        [p]arties may obtain discovery regarding any matter, not privileged,
          that is relevant to the claim or defense of any party . . . For good cause,
13        the court may order discovery of any matter relevant to the subject matter
          involved in the action.  Relevant information need not be admissible at the
14        trial if the discovery appears reasonably calculated to lead to the
          discovery of admissible evidence.
15

16        Evidence is relevant if it has "any tendency to make the existence of any fact that is of

17   consequence to the determination of the action more probable or less probable than it would be

18   without the evidence."  Federal Rules of Evidence, Rule 401.  Discovery may be limited by the court

19   for good cause shown "to protect a party or person from annoyance, embarrassment, oppression, or

20   undue burden or expense." Fed. R. Civ. P. 26 (c))

21        A.  Discovery Requests Related to Liability

22        Beinen has propounded a number of interrogatories and document requests that the Center

23   contends are wholly inappropriate given that Beinen is suing only for copyright infringement and

24   not for libel.  The Center notes that it would be entitled to various protections in any libel suit,

25   including the provisions of California's "anti-SLAPP" statute, Cal. Code Civ. P. § 425.16 and rights

26   under the First Amendment.  The Center argues that Beinen is now attempting to evade those

27   limitations by seeking discovery that would only be relevant had he brought a defamation claim.

28        Beinen concedes that, as drafted, the discovery requests seek factual support for the *content*

**United States District Court**

For the Northern District of California

1  of the pamphlet, among other things.  Beinen argues, however, that in the meet and confer process

2  he narrowed his requests to seek only information related to the *cover* of the pamphlet, and its use

3  in advertising and promoting the pamphlet or other publications, fund raising, or other activities of

4  the Center.  Beinen contends that, as limited, the requests properly seek information that is relevant

5  to a copyright claim because the Center's intent and motive is germane to its various equitable

6  defenses and to the doctrine of "fair use."

7      As noted at the hearing, the precise contours of the limitations Beinen proposes are

8  somewhat unclear.  It appears, however, that even though Beinen has disavowed any intent to

9  obtain factual support for the contents of the pamphlet, he is still expecting the Center to provide

10  any factual support it may have for what Benin sees as the "message" of the cover.   Even assuming

11  that the Center's good faith or lack thereof may have some bearing on claims or defenses in this

12  copyright action, Beinin has not shown how the truth or falsity of the "message" of the cover has

13  any relevance to this action for copyright infringement of the photograph.  The issue in this case is

14  not whether Benin "supports terrorism" or not, nor whether it was defamatory to imply that he does.

15  With that limitation in mind, the Court will address the specific requests remaining in dispute.

16                    Interrogatory No. 4

17      This interrogatory requests the Center to state all facts relating to why it "believes Prof.

18  Beinin supports or collaborates with terrorists."  Having sued only in copyright, Beinen cannot now

19  call on the Center to defend or support any opinions it may hold about Beinen and his activities.

20  No further response to this interrogatory will be required.

21                    Interrogatory No. 5

22      As drafted, this interrogatory seeks "all facts relating to the Pamphlet's discussion of Prof.

23  Beinin," including all facts underlying the statements made in the pamphlets.  Beinen has now

24  recast this interrogatory to request "all facts relating to the cover of the Booklet and use of the cover

25  of the booklet in [the Center's] advertising, promotion, solicitation and or fund-raising activities."

26  With the understanding that the Center is not required to state facts supporting the "message" of the

27  cover, the revised interrogatory is appropriate, and a further response shall be provided within 20

28  days of the date of this order.

**United States District Court**

For the Northern District of California

1

Document Request No. 1

2      This request seeks all documents in any way related to Beinen.  The Center has agreed to

3  produce any documents related to its use of Beinen's photograph, but contends that the request is

4  otherwise overbroad.  Assuming the Center possesses other documents relating to Beinen, those

5  documents may well pertain to his public activities and political views.  Indeed, the divergent

6  political opinions of the parties is no secret.  The details of what the Center has collected about

7  Beinen, or what it has said to others about Beinen, simply have no bearing on the copyright issues

8  in this action. No further response to this request will be required.

9

Document Request No. 3

10      This request originally sought "all documents relating to the Pamphlet" including

11  communication with third parties.  As limited, it now seeks only documents relating to the cover of

12  the pamphlet and its use by the Center.  As limited, the request does not require the Center to

13  support the "message" of the cover, and is not otherwise overbroad.  The Center has already agreed

14  to produce responsive documents "relating to its use of the photograph."  To the extent that the

15  Center possesses additional responsive non-privileged documents relating to its use of the cover in

16  its advertising, promotion, solicitation, and/or fund raising activities, it shall produce them within

17  20 days of the date of this order.

18

Document Request Nos. 5 and 6

19      As drafted, these requests seek communications between Horowitz or Ben Johnson and third

20  parties regarding Beinen, MESA, the photograph and/or the pamphlet.  Beinen is now limiting the

21  request to communications regarding Beinen, the photograph, the cover of the pamphlet and its use

22  in advertising, promotion, solicitation, and/or fund raising activities.

23      To the extent the narrowed requests still seek any communications relating to Beinen, they

24  remain overbroad, for the same reason as discussed in connection with request no. 1.  The

25  remainder of the requests as narrowed, however, are appropriate, for the same reason as discussed

26  in connection with request no. 3.  To the extent that the Center possesses additional responsive non-

27  privileged documents relating to its use of the cover in its advertising, promotion, solicitation,

28  and/or fund raising activities, it shall produce them within 20 days of the date of this order.

4

United States District Court

For the Northern District of California

1

2                    Document Request Nos  28 and 29

3       These requests seek documents supporting the purported connection between terrorists and

4 Beinen and other academics.  As with interrogatory no. 4, there is no basis in this copyright action

5 to require the Center to defend the message conveyed by the pamphlet or its cover.  No further

6 response to these requests will be required.

7

8           B.  Discovery Requests Related to Damages

9       As narrowed in the parties' meet and confer discussions, the discovery requests relating to

10 damages that remain in dispute are interrogatory 12, subcategories (3) (sales of books and

11 pamphlets) and (4) (revenue received from direct solicitations) and document request 14

12 (documents supporting the interrogatory response).

13       The Center contends that it should not have to disclose any revenue information *except* what

14 it derived from sales of the pamphlet itself.  Beinen points out, however, that the pamphlet –and

15 therefore his photograph–was depicted prominently on the Center's website.  Beinen's theory is

16 that his photograph was in effect used as a marketing tool for *all* of the Center's sales and fund-

17 raising efforts.  The Center argues that Beinen will not be able to prove a sufficient nexus between

18 the use of the photograph and other revenues so as to permit recovery of such "indirect profits."

19 The Center may well ultimately be able to persuade the trial judge or a trier of fact that issues of

20 causation and speculation preclude recovery for some or all of the "indirect profits," but that is a

21 question that must be decided on a complete factual record.  As limited, these requests are

22 reasonably calculated to lead to the discovery of admissible evidence.  The Center shall serve a

23 further response to interrogatory 12, subcategories (3) and (4), and any non-privileged responsive

24 supporting documents within 20 days of the date of this order.

25       C.  Post-hearing submissions

26       The Court has received and considered the post hearing letter briefs that it requested.  The

27 Center's subsequent request to submit copies of certain materials produced by Benin in discovery is

28 denied.  The Center has not demonstrated that consideration of such materials is critical to

1  disposition of these motions.  Beinin's request to file a transcript counsel produced of the hearing in

2  this matter is denied.  The audio record of the hearing is already part of the record herein.

3

4  IV.  CONCLUSION

5  The parties' respective motions are denied in part and granted in part, as set forth above.

6

7  IT IS SO ORDERED.

8

9  Dated:     October 31, 2006                         _____

10                                                      RICHARD SEEBORG
                                                        United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C 06-2298 JW (RS)

6

United States District Court

For the Northern District of California

1   **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2   Rachel E. Matteo-Boehm     rachel.matteo-boehm@hro.com

3   Mary Elizabeth Milionis     MMilionis@Fenwick.com, NCarroll@Fenwick.com

4   Roger R. Myers     roger.myers@hro.com, adam.brezine@hro.com; nancy.burnett@hro.com

5   Patrick E. Premo     ppremo@fenwick.com

6   Albert Lukas Sieber     asieber@fenwick.com, rjones@fenwick.com

7   Mitchell Harris Zimmerman     mzimmerman@fenwick.com

8

9   Counsel are responsible for distributing copies of this document to co-counsel who have not
registered for e-filing under the Court's CM/ECF program.

10

11   **Dated: 10/31/06**                                           **Chambers of Judge Richard Seeborg**

12
                                                            **By:          /s/ BAK**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C 06-2298 JW (RS)

7

**United States District Court**
For the Northern District of California